UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

2017 DEC -7  PM 12: 16

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

NATOSHA DUNSTON,

            Plaintiff,

    v.

DEVENDRA PATEL, M.D., MOUNT SINAI
HEALTH NETWORK, LLC, MOUNT SINAI
BETH ISRAEL MEDICAL CENTER, BETH
ISRAEL MEDICAL CENTER, THOMAS
BERNIK, M.D., LAUREN BARLOG, M.D.,
DONNIE BEAUBRUN, M.D., THE
BROOKLYN HOSPITAL CENTER, and,
PETER PAPPAS, M.D.,

            Defendants.

Civil Action No. 17-CV-_____

CV 17-7136

(_____, J.)
(_____, M.J.)

**NOTICE OF REMOVAL**

**GERSHON, J.**

**ORENSTEIN, M.J.**

TO:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
     THE EASTERN DISTRICT OF NEW YORK:

        PLEASE TAKE NOTICE that an action pending in the Supreme Court of the State of New

York, County of Kings, has been removed to the United States District Court for the Eastern

District of New York.

        BRIDGET M. ROHDE, Acting United States Attorney for the Eastern District of New

York, by DARA A. OLDS, Assistant United States Attorney, of counsel, respectfully states the

following facts upon information and belief:

        1.      The above-captioned action was commenced in the Supreme Court of the State of

New York, County of Kings, Index No. 520070/2016, and names as defendants DEVENDRA

PATEL, M.D., MOUNT SINAI HEALTH NETWORK, LLC, MOUNT SINAI BETH ISRAEL

MEDICAL CENTER, BETH ISRAEL MEDICAL CENTER, THOMAS BERNIK, M.D.,

LAUREN BARLOG, M.D., DONNIE BEAUBRUN, M.D., THE BROOKLYN HOSPITAL

1

CENTER, and, PETER PAPPAS, M.D. *See* Summons and Verified Complaint, dated November 14, 2016, and annexed hereto as Exhibit A.

2.    On or about January 12, 2017, defendants The Brooklyn Hospital Center and Peter Pappas, M.D. filed a Verified Answer in the Supreme Court of the State of New York. *See* Verified Answer, annexed hereto as Exhibit B.

3.    On or about January 13, 2017, defendants Beth Israel Medical Center, Beth Israel Medical Center s/h/a "Mount Sinai Beth Israel Medical Center," and Devendra Patel, M.D. filed a Verified Answer in the Supreme Court of the State of New York. *See* Verified Answer, annexed hereto as Exhibit C.

4.    On or about February 17, 2017, defendant Thomas Bernik, M.D. filed a Verified Answer in the Supreme Court of the State of New York. *See* Verified Answer, annexed hereto as Exhibit D.

5.    On or about March 20, 2017, defendant Donnie Beaubrun, M.D. filed a Verified Answer in the Supreme Court of the State of New York. *See* Verified Answer, annexed hereto as Exhibit E.

6.    On or about April 7, 2017, defendant Lauren Barlog, M.D. filed a Verified Answer in the Supreme Court of the State of New York. *See* Verified Answer, annexed hereto as Exhibit F.

7.    This action alleges medical malpractice on the part of the defendants. Specifically, the complaint alleges that from on or about 2013, up to and including October 4, 2015, defendants were negligent in the administration of proper primary, emergency, surgical, hematologic, gynecologic, pulmonary, hepatic, and/or radiographic care. *See generally* Exhibit A, Complaint.

8.    At all relevant times articulated in the Complaint, defendant

2

Donnie Beaubrun, M.D. was an employee of William F. Ryan Community Health Center, Inc. ("Health Center"), a federally supported health center and deemed by the Department of Health and Human Services, pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n) ("FSHCAA"), eligible for coverage under the Federal Tort Claims Act, and was acting within the course and scope of such deemed employment with the United States of America. *See* Declaration of Meredith Torres, annexed hereto as Exhibit G.

9.    At    all    relevant    times    articulated    in    the    Complaint,    defendant Donnie Beaubrun, M.D., as an employee of the Health Center, was deemed, pursuant to 42 U.S.C. § 233(g)-(h), eligible for coverage under the Federal Tort Claims Act, and was acting within the course and scope of such deemed employment with the United States of America. *See* Certification of Scope of Employment and Notice of Substitution of the United States of America by Assistant U.S. Attorney Dara A. Olds, dated December 7, 2017, attached hereto as Exhibit H.

10.    Pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d), this action may be removed to this Court because the Verified Complaint purports to assert claims against the United States of America, by way of defendant Donnie Beaubrun, M.D., and purports to raise matters under federal law.

11.    Pursuant to 42 U.S.C. § 233(c), 28 U.S.C. § 2679, 28 C.F.R. § 15.4, and the Certification of Scope of Employment, the United States of America is substituted as the party defendant for defendant Donnie Beaubrun, M.D. *See* Certification of Scope of Employment (Exhibit H).

12.    Pursuant to 28 U.S.C. §§ 2408 and 2679(d)(2) and 42 U.S.C. § 233(c), the United States of America may remove this action without a bond.

13.    The United States Attorney's Office has not yet been served with the Summons and

3

Verified Complaint in this action.

14. In accordance with 28 U.S.C. § 1446(d), the filing of a copy of this Notice with the Clerk of the Court, Supreme Court of the State of New York, County of Kings, shall affect the removal and the local court shall proceed no further with respect to the action, unless and until the case is remanded.

WHEREFORE, it is respectfully requested that the above-captioned action that is pending in the Supreme Court for the State of New York, County of Kings be removed to his Court.

Dated: Brooklyn, New York
December 7, 2017

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

By: _____
DARA A. OLDS
Assistant United States Attorney
(718) 254-6148
dara.olds@usdoj.gov

To: Clerk of the Court (by ECF)
Supreme Court of the State of New York
County of Kings
360 Adams Street
Brooklyn, New York 11201

Jordan K. Merson, Esq. (by ECF and Federal Express)
MERSON LAW, PLLC
150 East 58th Street, 34th Floor
New York, New York 10155
(212) 603-9100
*Attorneys for Plaintiff*

4

Steven D. Weiner, Esq. (by ECF and Federal Express)
KAUFMAN, BORGEEST & RYAN LLP
200 Summit Lake Drive
Valhalla, New York 10595
(914) 449-1000
*Attorneys for Defendants*
*The Brooklyn Hospital Center and Peter Pappas, M.D.*

Andrew I. Kaplan, Esq. (by ECF and Federal Express)
Sean G. Shirali, Esq.
AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP
600 Third Avenue
New York, New York 10016
(212) 593-6700
*Attorneys for Defendants Devendra Patel, M.D., Thomas Bernik, M.D.,*
*Lauren Barlog, M.D., Beth Israel Medical Center, and*
*Beth Israel Medical Center s/h/a "Mount Sinai Beth Israel Medical Center"*

Jordan B. Karp, Esq. (by ECF and Federal Express)
FUMOSO, KELLY, SWART, FARRELL, POLIN & CHRISTESEN, LLP
110 Marcus Boulevard
Happauge, New York 11788
(631) 232-0200
*Attorneys for Defendant Donnie Beaubrun, M.D.*

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------X

NATOSHA DUNSTON,

                    *Plaintiff,*

           -against -

DEVENDRA PATEL, M.D., MOUNT SINAI
HEALTH NETWORK, LLC, MOUNT SINAI
BETH ISRAEL MEDICAL CENTER, BETH
ISRAEL MEDICAL CENTER, THOMAS BERNIK
M.D., LAUREN BARLOG, M.D., DONNIE
BEAUBRUN, M.D.,  THE BROOKLYN HOSPITAL
CENTER, and, PETER PAPPAS, M.D.,

                  *Defendants.*

-------------------------------------------------------X

Index No: _____/2016
**Plaintiff designates Kings
County as the venue for trial.**

**SUMMONS**

**Venue is based on
plaintiff's residence,
defendants' principal
places of business and
location of negligent acts.**

**Plaintiff's address is
40 Vanderbilt Avenue
Brooklyn, NY 11205**

To the above named defendant (s):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a
copy of your answer or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiffs' Attorneys within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons
is not personally delivered to you within the State of New York): and in case your failure to
appear or answer, judgement will be taken for the relief demanded herein.

**A COPY OF THIS SUMMONS WAS FILED WITH THE CLERK OF THE COURT,
KINGS COUNTY ON** _____ **IN COMPLIANCE WITH CPLR §§305(a)
AND 306(a).**

Dated: New York, New York
         November 14, 2016

                    MERSON LAW PLLC

                    By: _____
                        Jordan K. Merson
                        Attorney for Plaintiffs
                        150 East 58th Street 34th Floor
                        New York, New York 10155
                        (212) 603-9100

TO:

| | |
|---|---|
| DEVENDRA PATEL, M.D., | 10 Union Square East, Suite 2B<br>New York, NY 10003 |
| MOUNT SINAI HEALTH NETWORK,<br>LLC, C/O MOUNT SINAI HEALTH<br>SYSTEM | One Gustave L. Levy Place, Box 1099<br>New York, NY 10029 |
| MOUNT SINAI BETH ISRAEL<br>MEDICAL CENTER | 10 Nathan D. Perlman Place<br>New York, NY 10003 |
| BETH ISRAEL MEDICAL CENTER, | 10 Nathan D. Perlman Place<br>New York, NY 10003 |
| THOMAS BERNIK, M.D., | 317 East 17th Street, 12th Floor<br>New York, NY 10003 |
| LAUREN BARLOG, M.D., | 185 South Orange Avenue, #F538<br>Newark, NJ 07103 |
| DONNIE BEAUBRUN, M.D., | 279 East 3rd Street<br>New York, NY 10009 |
| THE BROOKLYN HOSPITAL CENTER | 121 Dekalb Avenue<br>Brooklyn, NY 11201 |
| PETER PAPPAS, M.D., | 90 Bergen Street, Ste. 7100<br>Newark, NJ 07103 |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
NATOSHA DUNSTON,                                    INDEX NO. _____/2016

                              *Plaintiff,*
                 -against -
                                                    <u>VERIFIED COMPLAINT</u>
DEVENDRA PATEL, M.D., MOUNT SINAI
HEALTH NETWORK, LLC, MOUNT SINAI
BETH ISRAEL MEDICAL CENTER, BETH
ISRAEL MEDICAL CENTER, THOMAS BERNIK,
M.D., LAUREN BARLOG, M.D.,  DONNIE
BEAUBRUN, M.D., THE BROOKLYN HOSPITAL
CENTER, and, PETER PAPPAS, M.D.,

                              **Defendants.**

------------------------------------------------------------------X
Plaintiff(s), above named, complaining of the defendants, by **MERSON LAW, PLLC.,**

respectfully allege(s) upon information and belief, as follows:

### <u>AS AND FOR A FIRST CAUSE OF ACTION</u>

1.      At all times herein mentioned, defendant **DEVENDRA PATEL, M.D.,** was and is a

physician duly licensed to practice medicine in the State of New York.

2.      At all times herein mentioned, plaintiff **NATOSHA DUNSTON** was a patient of

defendant **DEVENDRA PATEL, M.D.**

3.      At all times herein mentioned, plaintiff **NATOSHA DUNSTON** was a patient of

defendant **MOUNT SINAI HEALTH NETWORK, LLC.**

4.      At all times herein mentioned, defendant **MOUNT SINAI HEALTH NETWORK,**

**LLC,** was the owner of a Hospital known as **MOUNT SINAI BETH ISRAEL MEDICAL**

CENTER and/or **BETH ISRAEL MEDICAL CENTER** located at 10 Nathan D Perlman Place, New York, New York 10003.

5.      At all times herein mentioned, defendant **MOUNT SINAI HEALTH NETWORK, LLC**, controlled, managed, owned, operated and/or supervised the aforesaid Hospital.

6.      At all times herein mentioned, all of the physicians, nurses and medical personnel involved in the medical diagnoses, care and treatment of plaintiff **NATOSHA DUNSTON** were agents, servants and/or employees of defendant **MOUNT SINAI HEALTH NETWORK, LLC**.

7.      At all times herein mentioned, defendant **BETH ISRAEL MEDICAL CENTER** was the owner of a Hospital known as **MOUNT SINAI BETH ISRAEL MEDICAL CENTER** located at 10 Nathan D Perlman Place, New York, New York 10003.

8.      At all times herein mentioned, defendant **MOUNT SINAI BETH ISRAEL MEDICAL CENTER** controlled, managed, owned, operated and/or supervised the aforesaid Hospital.

9.      At all times herein mentioned, plaintiff **NATOSHA DUNSTON** was a patient of defendant **MOUNT SINAI BETH ISRAEL MEDICAL CENTER**.

10.     At all times herein mentioned, all of the physicians, nurses and medical personnel involved in the medical diagnoses, care and treatment of plaintiff **NATOSHA DUNSTON** were agents, servants and/or employees of defendant **MOUNT SINAI BETH ISRAEL MEDICAL CENTER**.

11.     At all times herein mentioned, defendant **BETH ISRAEL MEDICAL CENTER** was the owner of a Hospital known as **BETH ISRAEL MEDICAL CENTER** located at 10 Nathan D Perlman Place, New York, New York 10003.

12.     At all times herein mentioned, defendant **BETH ISRAEL MEDICAL CENTER** controlled, managed, owned, operated and/or supervised the aforesaid Hospital.

13.     At all times herein mentioned, plaintiff **NATOSHA DUNSTON** was a patient of defendant **BETH ISRAEL MEDICAL CENTER**.

14.     At all times herein mentioned, all of the physicians, nurses and medical personnel involved in the medical diagnoses, care and treatment of plaintiff **NATOSHA DUNSTON** were agents, servants and/or employees of defendant **BETH ISRAEL MEDICAL CENTER**.

15.     At all times herein mentioned, defendants **MOUNT SINAI HEALTH NETWORK, LLC, MOUNT SINAI BETH ISRAEL MEDICAL CENTER** and/or **BETH ISRAEL MEDICAL CENTER** were the same entity and/or were operated, managed and/or controlled as a same entity and/or are and were alter egos of one another and each other.

16.     At all times herein mentioned, defendant **THOMAS BERNIK, M.D.,** was and is a physician duly licensed to practice medicine in the State of New York.

17.     At all times herein mentioned, plaintiff **NATOSHA DUNSTON** was a patient of defendant **THOMAS BERNIK, M.D.**

18.     At all times herein mentioned, defendant **LAUREN BARLOG, M.D.,** was and is a physician duly licensed to practice medicine in the State of New York.

19.     At all times herein mentioned, plaintiff **NATOSHA DUNSTON** was a patient of defendant **LAUREN BARLOG, M.D.**

20.     At all times herein mentioned, defendant **DONNIE BEAUBRUN, M.D.,** was and is a physician duly licensed to practice medicine in the State of New York.

21.     At all times herein mentioned, plaintiff **NATOSHA DUNSTON** was a patient of defendant **DONNIE BEAUBRUN, M.D.**

22.     At all times herein mentioned, defendants **DEVENDRA PATEL, M.D., THOMAS BERNIK, M.D., LAUREN BARLOG, M.D., and, DONNIE BEAUBRUN, M.D.,** were agents, servants and/or employees of **MOUNT SINAI HEALTH NETWORK, LLC.**

23.     At all times herein mentioned, defendants **DEVENDRA PATEL, M.D., THOMAS BERNIK, M.D., LAUREN BARLOG, M.D., and, DONNIE BEAUBRUN, M.D.,** were agents, servants and/or employees of **MOUNT SINAI BETH ISRAEL MEDICAL CENTER.**

24.     At all times herein mentioned, defendants **DEVENDRA PATEL, M.D., THOMAS BERNIK, M.D., LAUREN BARLOG, M.D., and, DONNIE BEAUBRUN, M.D.,** were agents, servants and/or employees of **BETH ISRAEL MEDICAL CENTER.**

25.     At all times herein mentioned, defendants **DEVENDRA PATEL, M.D., MOUNT SINAI HEALTH NETWORK, LLC, MOUNT SINAI BETH ISRAEL MEDICAL CENTER, BETH ISRAEL MEDICAL CENTER, THOMAS BERNIK, M.D., LAUREN BARLOG, M.D., and, DONNIE BEAUBRUN, M.D.,** and other doctors, nurses, residents, medical personnel and staff at defendant **MOUNT SINAI HEALTH NETWORK, LLC,** were agents, servants and/or employees of each other regarding their care, treatment and diagnosis for plaintiff **NATOSHA DUNSTON.**

26.     At all times herein mentioned, defendants **DEVENDRA PATEL, M.D., MOUNT SINAI HEALTH NETWORK, LLC, BETH ISRAEL MEDICAL CENTER, THOMAS BERNIK, M.D., LAUREN BARLOG, M.D., and, DONNIE BEAUBRUN, M.D.,** and other doctors, nurses, residents, medical personnel and staff at defendant **MOUNT SINAI BETH ISRAEL MEDICAL CENTER** were agents, servants and/or employees of each other regarding their care, treatment and diagnosis for plaintiff **NATOSHA DUNSTON.**

27.     At all times herein mentioned, defendants **DEVENDRA PATEL, M.D., MOUNT SINAI HEALTH NETWORK, LLC, MOUNT SINAI BETH ISRAEL MEDICAL CENTER, THOMAS BERNIK, M.D., LAUREN BARLOG, M.D., and, DONNIE BEAUBRUN, M.D.,** and other doctors, nurses, residents, medical personnel and staff at defendant **BETH ISRAEL MEDICAL CENTER** were agents, servants and/or employees of each other regarding their care, treatment and diagnosis for plaintiff **NATOSHA DUNSTON.**

28.     At all times herein mentioned, defendant **THE BROOKLYN HOSPITAL CENTER** was the owner of a Hospital known as **THE BROOKLYN HOSPITAL CENTER** located at 121 DeKalb Avenue, Brooklyn, New York 11201.

29.     At all times herein mentioned, defendant **THE BROOKLYN HOSPITAL CENTER CENTER** controlled, managed, owned, operated and/or supervised the aforesaid Hospital.

30.     At all times herein mentioned, plaintiff **NATOSHA DUNSTON** was a patient of defendant **THE BROOKLYN HOSPITAL CENTER.**

31.     At all times herein mentioned, all of the physicians, nurses and medical personnel involved in the medical diagnoses, care and treatment of plaintiff **NATOSHA DUNSTON**

were agents, servants and/or employees of defendant **THE BROOKLYN HOSPITAL CENTER**.

32.     At all times herein mentioned, defendant **PETER PAPPAS, M.D.**, was and is a physician duly licensed to practice medicine in the State of New York.

33.     At all times herein mentioned, plaintiff **NATOSHA DUNSTON** was a patient of defendant **PETER PAPPAS, M.D.**

34.     At all times herein mentioned, defendant **PETER PAPPAS, M.D.**, was an agent, servant and/or employee of **THE BROOKLYN HOSPITAL CENTER**.

35.     At all times herein mentioned, defendants **DEVENDRA PATEL, M.D., MOUNT SINAI HEALTH NETWORK, LLC, MOUNT SINAI BETH ISRAEL MEDICAL CENTER, BETH ISRAEL MEDICAL CENTER, THOMAS BERNIK, M.D., LAUREN BARLOG, M.D.,  DONNIE BEAUBRUN, M.D., THE BROOKLYN HOSPITAL CENTER, and, PETER PAPPAS, M.D.**, were partners in the practice of medicine with respect to the medical care, treatment and diagnosis for plaintiff **NATOSHA DUNSTON**.

36.     At all times herein mentioned, all of the physicians, residents, nurses and other personnel involved in the diagnosis, care and treatment of the plaintiff **NATOSHA DUNSTON** were agents, servants and/or employees of each other with regard to the medical diagnosis, care and treatment rendered to the plaintiff **NATOSHA DUNSTON**.

37.     Beginning in or about 2013 and continuing thereafter through a continuous course of treatment to and including on or about October 4, 2015, plaintiff **NATOSHA DUNSTON** was a patient of defendant **DEVENDRA PATEL, M.D., MOUNT SINAI HEALTH NETWORK, LLC, MOUNT SINAI BETH ISRAEL MEDICAL CENTER, BETH**

ISRAEL MEDICAL CENTER, and, LAUREN BARLOG, M.D., and/or their agents, servants and/or employees, and beginning on or about September 22, 2015 and continuing thereafter through on or about September 28, 2015, plaintiff **NATOSHA DUNSTON** was admitted to **MOUNT SINAI HEALTH NETWORK, LLC, MOUNT SINAI BETH ISRAEL MEDICAL CENTER, and, BETH ISRAEL MEDICAL CENTER,** under the medical care, diagnoses and treatment of defendants **DEVENDRA PATEL, M.D., MOUNT SINAI HEALTH NETWORK, LLC, MOUNT SINAI BETH ISRAEL MEDICAL CENTER, BETH ISRAEL MEDICAL CENTER, THOMAS BERNIK, M.D., LAUREN BARLOG, M.D., and, DONNIE BEAUBRUN, M.D.,** and/or their agents, servants and/or employees, and as a result of these defendants' failure to timely and/or properly treat plaintiff **NATOSHA DUNSTON,** including, but not limited to, the failure to render timely and/or proper primary, emergency, surgical, hematologic, gynecologic, pulmonary, hepatic, and/or radiographic care, including, but not limited to, the improper performing of a total abdominal hysterectomy, in failing to timely diagnose and/or treat hemorrhaging, in failing to diagnose and/or treat deep vein thrombosis, and in failing to timely diagnose and/or treat heparin induced thrombocytopenia, plaintiff **NATOSHA DUNSTON** sustained severe, serious and permanent injuries.

38.    Beginning on or about October 4, 2015 and continuing thereafter through a continuous course of treatment to and including on or about November 3, 2015, plaintiff **NATOSHA DUNSTON** was admitted to defendant **THE BROOKLYN HOSPITAL CENTER** and during the aforesaid admission, plaintiff **NATOSHA DUNSTON** was under the medical care, diagnoses and treatment of defendants **THE BROOKLYN HOSPITAL CENTER, and,**

**PETER PAPPAS, M.D.,** and/or their agents, servants and/or employees, and as a result of these defendants' failure to timely and/or properly treat plaintiff **NATOSHA DUNSTON,** including, but not limited to, the failure to render timely and/or proper primary, emergency, surgical, pulmonary, hematologic, hepatic, and/or radiographic care, and the failure to timely and/or properly treat deep vein thrombosis and heparin induced thrombocytopenia, plaintiff **NATOSHA DUNSTON** sustained severe, serious and permanent injuries.

39.     Said occurrence was due to the carelessness and negligence of the defendants and/or their agents, servants and/or employees, in failing to render good and proper primary, emergency, hepatic, gynecologic, pulmonary, radiographic, interventional radiology, surgical and/or medical care, and in failing to treat plaintiff **NATOSHA DUNSTON** in the accepted and proper medical manner and all without any fault or lack of care of the plaintiff.

40.     By reason of the foregoing carelessness and negligence of the defendants, their agents, servants and/or employees, plaintiff **NATOSHA DUNSTON** sustained severe and serious personal injuries, a severe shock to her nervous system and certain internal injuries and was caused to suffer severe physical pain and mental anguish as a result thereof, and upon information and belief and these injuries of a permanent and lasting nature; that plaintiff was confined to her bed, home and medical institutions as a result thereof, and was incapacitated from attending to her regular activities, and there is was caused to be expended sum of money for the medical and hospital care on her behalf.

41.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

42.     This action falls within exceptions to Article 16 of the C.P.L.R.

Case 1:17-cv-07136-NG-JO   Document 1   Filed 12/07/17   Page 17 of 87 PageID #: 17

## AS AND FOR SECOND OF ACTION
## FOR LACK OF INFORMED CONSENT

43.     Plaintiff(s) repeat(s), reiterate(s), and reallege(s) each and every allegation contained in those paragraphs of complaint marked and designated 1. through 42., inclusive, with the same force and effect as if hereafter set forth at length.

44.     The defendant failed to inform the plaintiff of the risks, hazards and alternatives connected with the procedures utilized and treatment rendered so that an informed consent could be given.

45.     That reasonable prudent persons in the plaintiff's position would not have undergone the procedures utilized and treatment rendered if he had been fully informed of the risks, hazards and              connected with said procedures and treatments.

46.     The failure to adequately and fully inform plaintiff of the risks, hazards and alternatives of the procedures utilized and treatment rendered was a proximate cause of the injuries plaintiff sustained.

47.     That as a consequence of the foregoing there was no informed consent to the procedures utilized and treatment rendered to plaintiff.

48.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

49.     This action falls within exceptions to Article 16 of the C.P.L.R.

## AS AND FOR A THIRD CAUSE OF ACTION
## AS TO MOUNT SINAI HEALTH NETWORK, LLC

50.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in those paragraphs of the complaint marked and designated 1. through 49., inclusive, with the same force and effect as if hereafter set forth at length.

51.     Defendant, **MOUNT SINAI HEALTH NETWORK, LLC** prior to granting or renewing employment of the doctors, nurses, residents, medical staff and others involved in plaintiff's care failed to investigate the qualifications, competence, capacity, abilities and capabilities of said defendants, doctors, nurses, residents, medical staff and others, including but not limited to obtaining the following information: patient grievances, negative health care outcomes, incidents injurious to patients, medical malpractice actions commenced against said persons, including the outcome thereof, any history of association, privilege and/or practice at other institutions, any discontinuation of said association, employment, privilege and/or practice at said institution, and any pending professional misconduct proceedings in this State or another State, the substance of the allegations in such proceedings and any additional information concerning such proceedings and the findings of such proceedings and the hospital failed to make sufficient inquiry of physicians, residents, nurses and staff which should and did have information relevant to the capacity, capability, ability and competence of said persons rendering treatment.

52.     Had defendant, **MOUNT SINAI HEALTH NETWORK, LLC,** made the above stated inquiry, or in the alternative, had defendant reviewed and analyzed the information obtained in a proper manner, employment would not have been granted and/or renewed.

53.     **MOUNT SINAI HEALTH NETWORK, LLC,** was additionally negligent in making, or failing to make, rules and regulations for, plaintiff's conditions and failed to supervise, the treatment of the plaintiff.

54.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

55.     This action falls within exceptions to Article 16 of the C.P.L.R.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AS TO MOUNT SINAI BETH ISRAEL MEDICAL CENTER

56.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in those paragraphs of the complaint marked and designated 1. through 55., inclusive, with the same force and effect as if hereafter set forth at length.

57.     Defendant, **MOUNT SINAI BETH ISRAEL MEDICAL CENTER** prior to granting or renewing employment of the doctors, nurses, residents, medical staff and others involved in plaintiff's care failed to investigate the qualifications, competence, capacity, abilities and capabilities of said defendants, doctors, nurses, residents, medical staff and others, including but not limited to obtaining the following information: patient grievances, negative health care outcomes, incidents injurious to patients, medical malpractice actions commenced against said persons, including the outcome thereof, any history of association, privilege and/or practice at other institutions, any discontinuation of said association, employment, privilege and/or practice at said institution, and any pending professional misconduct proceedings in this State or another State, the substance of the allegations in such proceedings and any additional information concerning such proceedings and the findings of such proceedings and the hospital failed to make sufficient inquiry of physicians, residents, nurses and staff which should and did

have information relevant to the capacity, capability, ability and competence of said persons rendering treatment.

58.     Had defendant, **MOUNT SINAI BETH ISRAEL MEDICAL CENTER** made the above stated inquiry, or in the alternative, had defendant reviewed and analyzed the information obtained in a proper manner, employment would not have been granted and/or renewed.

59.     **MOUNT SINAI BETH ISRAEL MEDICAL CENTER** was additionally negligent in making, or failing to make, rules and regulations for, plaintiff's conditions and failed to supervise, the treatment of the plaintiff.

60.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

61.     This action falls within exceptions to Article 16 of the C.P.L.R.

## AS AND FOR A FIFTH CAUSE OF ACTION
## AS TO BETH ISRAEL MEDICAL CENTER

62.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in those paragraphs of the complaint marked and designated 1. through 61., inclusive, with the same force and effect as if hereafter set forth at length.

63.     Defendant, **BETH ISRAEL MEDICAL CENTER** prior to granting or renewing employment of the doctors, nurses, residents, medical staff and others involved in plaintiff's care failed to investigate the qualifications, competence, capacity, abilities and capabilities of said defendants, doctors, nurses, residents, medical staff and others, including but not limited to obtaining the following information: patient grievances, negative health care outcomes, incidents injurious to patients, medical malpractice actions commenced against said persons,

including the outcome thereof, any history of association, privilege and/or practice at other institutions, any discontinuation of said association, employment, privilege and/or practice at said institution, and any pending professional misconduct proceedings in this State or another State, the substance of the allegations in such proceedings and any additional information concerning such proceedings and the findings of such proceedings and the hospital failed to make sufficient inquiry of physicians, residents, nurses and staff which should and did have information relevant to the capacity, capability, ability and competence of said persons rendering treatment.

64.     Had defendant, **BETH ISRAEL MEDICAL CENTER** made the above stated inquiry, or in the alternative, had defendant reviewed and analyzed the information obtained in a proper manner, employment would not have been granted and/or renewed.

65.     **BETH ISRAEL MEDICAL CENTER** was additionally negligent in making, or failing to make, rules and regulations for, plaintiff's conditions and failed to supervise, the treatment of the plaintiff.

66.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

67.     This action falls within exceptions to Article 16 of the C.P.L.R.

### AS AND FOR A SIXTH CAUSE OF ACTION
### <u>AS TO THE BROOKLYN HOSPITAL CENTER</u>

68.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in those paragraphs of the complaint marked and designated 1. through 67., inclusive, with the same force and effect as if hereafter set forth at length.

69.     Defendant, **THE BROOKLYN HOSPITAL CENTER,** prior to granting or renewing employment of the doctors, nurses, residents, medical staff and others involved in plaintiff's care failed to investigate the qualifications, competence, capacity, abilities and capabilities of said defendants, doctors, nurses, residents, medical staff and others, including but not limited to obtaining the following information: patient grievances, negative health care outcomes, incidents injurious to patients, medical malpractice actions commenced against said persons, including the outcome thereof, any history of association, privilege and/or practice at other institutions, any discontinuation of said association, employment, privilege and/or practice at said institution, and any pending professional misconduct proceedings in this State or another State, the substance of the allegations in such proceedings and any additional information concerning such proceedings and the findings of such proceedings and the hospital failed to make sufficient inquiry of physicians, residents, nurses and staff which should and did have information relevant to the capacity, capability, ability and competence of said persons rendering treatment.

70.     Had defendant, **THE BROOKLYN HOSPITAL CENTER,** made the above stated inquiry, or in the alternative, had defendant reviewed and analyzed the information obtained in a proper manner, employment would not have been granted and/or renewed.

71.     **THE BROOKLYN HOSPITAL CENTER,** was additionally negligent in making, or failing to make, rules and regulations for, plaintiff's conditions and failed to supervise, the treatment of the plaintiff.

72.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

73.     This action falls within exceptions to Article 16 of the C.P.L.R.

WHEREFORE, plaintiff demands judgement against defendants in such sum as a jury would find fair, adequate and just.

Dated: New York, New York
      November 14, 2016

                                    MERSON LAW, PLLC

                                    By: _____
                                    Jordan K. Merson
                                    Attorney for Plaintiff
                                    150 East 58th Street 34th Floor
                                    New York, New York 10155
                                    (212) 603-9100

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X           Index No.: _____/16
NATOSHA DUNSTON,

                              *Plaintiff,*
                 -against -

                                                                             **CERTIFICATE OF**
                                                                             **MERIT**
DEVENDRA PATEL, M.D., MOUNT SINAI
HEALTH NETWORK, LLC, MOUNT SINAI
BETH ISRAEL MEDICAL CENTER, BETH
ISRAEL MEDICAL CENTER, THOMAS BERNIK,
M.D., LAUREN BARLOG, M.D.,  DONNIE
BEAUBRUN, M.D., THE BROOKLYN HOSPITAL
CENTER, and, PETER PAPPAS, M.D.,

                              *Defendants.*
-----------------------------------------------------------------X

        JORDAN K. MERSON, being duly sworn, deposes and states the following to be true

under the penalties of perjury of the State of New York.

        I have reviewed the facts of this case and have consulted with at least one physician

who is licensed to practice medicine in the State of New York, or any other State, and who I

reasonably believe is knowledgeable in the relevant issues involved in this matter.  I have

concluded on the basis of the review and the consultation that there is a reasonable basis for the

commencement of this action.

Dated: New York, New York
        November 14, 2016                          MERSON LAW, PLLC

                                                   By: _____
                                                            Jordan K. Merson

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
NATOSHA DUNSTON,

Index No.: _____/16

                     *Plaintiff,*

       -against -

**ATTORNEY VERIFICATION**

DEVENDRA PATEL, M.D., MOUNT SINAI
HEALTH NETWORK, LLC, MOUNT SINAI
BETH ISRAEL MEDICAL CENTER, BETH
ISRAEL MEDICAL CENTER, THOMAS BERNIK,
M.D., LAUREN BARLOG, M.D.,  DONNIE
BEAUBRUN, M.D., THE BROOKLYN HOSPITAL
CENTER, and, PETER PAPPAS, M.D.,

                    *Defendants.*
-----------------------------------------------------------------X

      JORDAN K. MERSON, an attorney duly admitted to practice in the Courts of New

York State, and a member of the firm MERSON LAW, PLLC, attorneys for the plaintiff(s) in

the within action hereby affirms under penalty of perjury:

      That he has read the within complaint and knows the contents thereof, and that the

same is true to his own knowledge, except as to the matters therein stated to be alleged upon

information and belief, and that as to those matters he believes it to be true,

      That the sources of information and knowledge are investigations and records in the

file. That the reason that this verification is made by affirmant and not by the plaintiff(s) is that

the plaintiff(s) is/are not within the County where the attorney has his office.

Dated: New York, New York
       November 14, 2016

                               JORDAN K. MERSON

Index No.                              Year 2016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

_____

NATOSHA DUNSTON,

                                        *Plaintiff (s),*

                    *- against -*

DEVENDRA PATEL, M.D., MOUNT SINAI HEALTH
NETWORK, LLC, MOUNT SINAI BETH ISRAEL
MEDICAL CENTER, BETH ISRAEL MEDICAL
CENTER, THOMAS BERNIK, M.D., LAUREN
BARLOG, M.D., DONNIE BEAUBRUN, M.D., THE
BROOKLYN HOSPITAL CENTER, and, PETER
PAPPAS, M.D.,

                                        *Defendant(s),*

_____

SUMMONS AND VERIFIED COMPLAINT

_____

Merson Law, PLLC.

*Attorneys for Plaintiff(s)*

*Office and Post Office Address, Telephone*
150 East 58th Street 34th Fl.
New York, New York 10155
(212) 603-9100

_____

To:  All Parties

_____

# Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------X

NATOSHA DUNSTON,                                  Index No.: 520070/16
Individually,

                              Plaintiff,

                                                  **VERIFIED ANSWER OF
                                                  THE BROOKLYN
                                                  HOSPITAL CENTER**

                 -against-

DEVENDRA PATEL, M.D., MOUNT SINAI HEALTH
NETWORK, LLC, MOUNT SINAI BETH ISRAEL
MEDICAL CENTER, THOMAS BERNICK, M.D.,
LAUREN BARLOG, M.D., DONNIE BEABURN, M.D.,
THE BROOKLYN HOSPITAL CENTER, and, PETER
PAPPAS, M.D.,

                              Defendants.
-------------------------------------------------------------X

Defendant, **THE BROOKLYN HOSPITAL CENTER,** by its attorneys, KAUFMAN

BORGEEST & RYAN LLP, as and for its Verified Answer to plaintiffs' Verified Complaint states and

alleges upon information and belief:

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTON

1.      Denies knowledge and information sufficient to form a belief as to each and every

allegation contained in the paragraphs designated as "1", "2", "3", "4", "5" "6", "7", "8", "9", "10",

"11", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", and "27" of

the Verified Complaint, and begs leave to refer all questions of fact to the trier of fact and all

questions of law to the Court.

2.      Denies in the form alleged each and every allegation contained in the paragraphs

designated as "28", "29", "30", "31", "32", "33", and "34" except admits that at certain times which

may or may not be specified in the Verified Complaint, Defendant **THE BROOKLYN HOSPITAL**

**CENTER** was and is a domestic not-for-profit corporation duly organized and existing under the

laws of the State of New York, operating a hospital at 121 Dekalb Avenue, Brooklyn, NY 11201,

where care and treatment was provided to the plaintiff **NATOSHA DUNSTON** in accordance

3796317

with good and accepted practice, on dates which may or may not be set forth in the Verified Complaint, and that Defendant **PETER PAPPAS, M.D.,** was and is a physician duly licensed under the laws of the State of New York, who at certain times, which may or may not be fully set forth in the Verified Complaint, was an attending surgeon at **THE BROOKLYN HOSPITAL CENTER,** and otherwise begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

3.      Denies each and every allegation contained in the paragraphs designated as "35", "36", "38", "39", "40", "41", and "42" of the Verified Complaint.

4.      Denies each and every allegation contained in the paragraph designated as "37" to the extent said allegations pertain to Defendants, **TBHC** and **PAPPAS**, and otherwise denies knowledge and information sufficient to form a belief as to each and every allegation, and begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTON

5.      With respect to that paragraph of the Verified Complaint designated as "43", defendant repeats, reiterates and re-alleges each and every admission, denial, and denial of truth of each and every allegation contained in those paragraphs designated as "1" through "42", with the same force and effect as if set forth fully herein.

6.      Denies each and every allegation contained in the paragraphs designated as "44", "45", "46", "47", "48", and "49" of the Verified Complaint.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTON

7.      With respect to that paragraph of the Verified Complaint designated as "50", defendant repeats, reiterates and re-alleges each and every admission, denial, and denial of truth of each and every allegation contained in those paragraphs designated as "1" through "49", with the same force and effect as if set forth fully herein.

8.      Denies knowledge and information sufficient to form a belief as to each and every allegation contained in the paragraphs designated as "51", "52", and "53" of the Verified

2

3796317

Complaint, and begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

9.      Denies each and every allegation contained in the paragraphs designated as "54" and "55" as to defendant **THE BROOKLYN HOSPITAL CENTER.**

### AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTON

10.     With respect to that paragraph of the Verified Complaint designated as "56", defendant repeats, reiterates and re-alleges each and every admission, denial, and denial of truth of each and every allegation contained in those paragraphs designated as "1" through "55", with the same force and effect as if set forth fully herein.

11.     Denies knowledge and information sufficient to form a belief as to each and every allegation contained in the paragraphs designated as "57", "58", and "59" of the Verified. Complaint, and begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

12.     Denies each and every allegation contained in the paragraphs designated as "60" and "61" as to defendant **THE BROOKLYN HOSPITAL CENTER.**

### AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTON

13.     With respect to that paragraph of the Verified Complaint designated as "62", defendant repeats, reiterates and re-alleges each and every admission, denial, and denial of truth of each and every allegation contained in those paragraphs designated as "1" through "61", with the same force and effect as if set forth fully herein.

14.     Denies knowledge and information sufficient to form a belief as to each and every allegation contained in the paragraphs designated as "63", "64", and "65" of the Verified Complaint, and begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

15.     Denies each and every allegation contained in the paragraphs designated as "66" and "67" as to defendant **THE BROOKLYN HOSPITAL CENTER.**

3

3796317

## AS AND FOR AN ANSWER TO THE SIXTH CAUSE OF ACTON

16.     With respect to that paragraph of the Verified Complaint designated as "68", defendant repeats, reiterates and re-alleges each and every admission, denial, and denial of truth of each and every allegation contained in those paragraphs designated as "1" through "67", with the same force and effect as if set forth fully herein.

17.     Denies each and every allegation contained in the paragraphs designated as "69", "70", "71", and "72".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18.     That pursuant to CPLR §1600 et seq., if it is determined by verdict or decision that two or more tortfeasors are jointly liable to the plaintiff, and if the liability of the answering defendant, **THE BROOKLYN HOSPITAL CENTER**, is found to be 50% or less of the total liability assigned to all persons liable, the liability of the answering defendant to the plaintiff for non-economic loss shall not exceed this defendant's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19.     Upon information and belief, whatever damages the plaintiff may have sustained at the time(s) and place(s) mentioned in the Verified Complaint were caused in whole or in part by the culpable conduct of plaintiff. As a result, the amount of damages recovered, if any, shall therefore be diminished in the proportion to which said culpable conduct is attributable.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20.     In the event said plaintiff recovers a verdict or judgment against the answering defendant, **THE BROOKLYN HOSPITAL CENTER**, said verdict or judgment should be reduced pursuant to CPLR § 4545 by those amounts which have been or will, with reasonable certainty, replace or indemnify plaintiff in whole or in part for any past or future claim to economic loss or collateral source.

4

3796317

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

21.     The negligence of those responsible for the accident or the occurrence alleged in the Verified Complaint constituted a separate, independent, superseding, intervening act, which constitutes the sole proximate cause of the accident or occurrence alleged.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

22.     Upon information and belief, the injuries and damages alleged were caused by the culpable conduct of some third person or persons over whom the answering defendant, **THE BROOKLYN HOSPITAL CENTER**, neither had nor exercised control.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

23.     That if the plaintiff was caused to sustain damages at the time and place set forth in plaintiff's Complaint through any carelessness, recklessness and negligence other than plaintiff's own, said damages arose in whole or in part from the negligence of co-defendant(s) or others, and if any judgment is recovered herein by the plaintiff against the answering defendant, **THE BROOKLYN HOSPITAL CENTER**,   than the answering defendant will be entitled to contribution on the basis of proportionate responsibility attributable to the co-defendant(s) named above.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

24.     Pursuant to Section 15-108 of the General Obligations Law, any recovery by the Plaintiff must be reduced by such amounts and/or such percentages of negligence as may result from settlements or trial with any tortfeasor or others.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

25.     The Verified Complaint fails to state a cause or causes of action upon which relief can be granted against the Answering Defendant.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

26.     Plaintiff's claims are barred, or subject to reduction, as a result of the Plaintiff's failure to mitigate its damages.

5

3796317

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

27.     Plaintiffs' claim for lack of informed consent is barred by reason of the applicable provisions of Section 2805(d) of the Public Health Law.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

28.     Upon information and belief, whatever damages, if any, suffered by the Plaintiff have been set-off by a prior recovery.

WHEREFORE, Defendant, **THE BROOKLYN HOSPITAL CENTER**, demands judgment dismissing the Verified Complaint of the Plaintiff, together with the costs and disbursements of this action.

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of this paper or the contentions herein are not frivolous, as that term is defined in Part 130 of the Court Rules.

Dated: Valhalla, New York
      January 9, 2017

                  Yours, etc.

                  KAUFMAN BORGEEST & RYAN LLP

                  By: Steven D. Weiner, Esq.
                  Attorneys for Defendant
                  **THE BROOKLYN HOSPITAL CENTER**
                  200 Summit Lake Drive
                  Valhalla, New York 10595
                  (914) 449-1000
                  KBR File No.: 766.116

TO:    MERSON LAW PLLC
       Attorneys for Plaintiffs
       150 East 58th Street 34th Fl.
       New York, NY 10155
       212-603-9100

       Devendra Patel, M.D.
       10 Union Square East, Suite 2B
       New York , NY 10003

6

3796317

Mount Sinai Health Network
c/o Mount Sinai Health System
One Gustave L. Levy Place, Box 1009
New York, NY 10029

Mount Sinai Beth Israel Medical Center
10 Nathan D. Perlman Place
New York, NY 10003

Thomas Bernik, M.D.
317 East 17th Street, 12th Floor
New York, NY 10003

Lauren Barlog, M.D.
185 South Orange Avenue, #F538
Newark, NJ 07103

Donnie Beaubrun, M.D.
279 East 3rd Street
New York, NY 10009

7

3796317

## VERIFICATION

STATE OF NEW YORK            )

COUNTY OF WESTCHESTER        )


     **STEVEN D. WEINER**, being duly sworn, states that I am a member of the firm of **KAUFMAN BORGEEST & RYAN LLP**, attorneys for Defendant, **THE BROOKLYN HOSPITAL CENTER** in this action and that the foregoing **VERIFIED ANSWER** is true to my knowledge, except as to those matters therein stated upon information and belief, and as to those matters I believe them to be true; that the grounds of my belief as to all matters not stated upon my knowledge are correspondence and other writings furnished by the Defendant and other documents maintained in the office of its attorneys; and that the reason why this verification is not made by Defendant is that the Defendant is located in a county other than the county where its attorneys have their office.

Dated:   Valhalla, New York
        January 9, 2017

                                  **STEVEN D. WEINER**

8

3796317

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X

NATOSHA DUNSTON,                                        Index No.: 520070/16
Individually,

                                    Plaintiff,

                                                        **VERIFIED ANSWER OF**
                                                        **PETER PAPPAS, M.D.**
              -against-

DEVENDRA PATEL, M.D., MOUNT SINAI HEALTH
NETWORK, LLC, MOUNT SINAI BETH ISRAEL
MEDICAL CENTER, THOMAS BERNICK, M.D.,
LAUREN BARLOG, M.D., DONNIE BEABURN, M.D.,
THE BROOKLYN HOSPITAL CENTER, and, PETER
PAPPAS, M.D.,

                                    Defendants.
-------------------------------------------------------------------X

      Defendant, **PETER PAPPAS, M.D.,** by his attorneys, KAUFMAN BORGEEST & RYAN

LLP, as and for his Verified Answer to plaintiffs' Verified Complaint states and alleges upon

information and belief:

      1.     Denies knowledge and information sufficient to form a belief as to each and every

allegation contained in the paragraphs designated as "1", "2", "3", "4", "5" "6", "7", "8", "9", "10",

"11", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", and "27" of

the Verified Complaint, and begs leave to refer all questions of fact to the trier of fact and all

questions of law to the Court.

      2.     Denies in the form alleged each and every allegation contained in the paragraphs

designated as "28", "29", "30", "31", "32", "33", and "34" except admits that at certain times which

may or may not be specified in the Verified Complaint, Defendant **THE BROOKLYN HOSPITAL**

**CENTER** was and is a domestic not-for-profit corporation duly organized and existing under the

laws of the State of New York, operating a hospital at 121 Dekalb Avenue, Brooklyn, NY 11201,

where care and treatment was provided to the plaintiff **NATOSHA DUNSTON** in accordance

with good and accepted practice, on dates which may or may not be set forth in the Verified

Complaint, and that Defendant **PETER PAPPAS, M.D.,** was and is a physician duly licensed

3799288

under the laws of the State of New York, who at certain times, which may or may not be fully set forth in the Verified Complaint, was an attending surgeon at **THE BROOKLYN HOSPITAL CENTER,** and otherwise begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

3.    Denies each and every allegation contained in the paragraphs designated as "35", "36", "38", "39", "40", "41", and "42" of the Verified Complaint.

4.    Denies each and every allegation contained in the paragraph designated as "37" to the extent said allegations pertain to Defendants, **THE BROOKLYN HOSPITAL CENTER** and **PAPPAS,** and otherwise denies knowledge and information sufficient to form a belief as to each and every allegation, and begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTON

5.    With respect to that paragraph of the Verified Complaint designated as "43", defendant repeats, reiterates and re-alleges each and every admission, denial, and denial of truth of each and every allegation contained in those paragraphs designated as "1" through "42", with the same force and effect as if set forth fully herein.

6.    Denies each and every allegation contained in the paragraphs designated as "44", "45", "46", "47", "48", and "49" of the Verified Complaint.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTON

7.    With respect to that paragraph of the Verified Complaint designated as "50", defendant repeats, reiterates and re-alleges each and every admission, denial, and denial of truth of each and every allegation contained in those paragraphs designated as "1" through "49", with the same force and effect as if set forth fully herein.

8.    Denies knowledge and information sufficient to form a belief as to each and every allegation contained in the paragraphs designated as "51", "52", and "53" of the Verified

2

3799288

Complaint, and begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

9.   Denies each and every allegation contained in the paragraphs designated as "54" and "55" as to defendant **PETER PAPPAS, M.D.**

<u>**AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTON**</u>

10.   With respect to that paragraph of the Verified Complaint designated as "56", defendant repeats, reiterates and re-alleges each and every admission, denial, and denial of truth of each and every allegation contained in those paragraphs designated as "1" through "55", with the same force and effect as if set forth fully herein.

11.   Denies knowledge and information sufficient to form a belief as to each and every allegation contained in the paragraphs designated as "57", "58", and "59" of the Verified Complaint, and begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

12.   Denies each and every allegation contained in the paragraphs designated as "60" and "61" as to defendant **PETER PAPPAS, M.D.**

<u>**AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTON**</u>

13.   With respect to that paragraph of the Verified Complaint designated as "62", defendant repeats, reiterates and re-alleges each and every admission, denial, and denial of truth of each and every allegation contained in those paragraphs designated as "1" through "61", with the same force and effect as if set forth fully herein.

14.   Denies knowledge and information sufficient to form a belief as to each and every allegation contained in the paragraphs designated as "63", "64", and "65" of the Verified Complaint, and begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

15.   Denies each and every allegation contained in the paragraphs designated as "66" and "67" as to defendant **PETER PAPPAS, M.D.**

3

3799288

## AS AND FOR AN ANSWER TO THE SIXTH CAUSE OF ACTON

16.     With respect to that paragraph of the Verified Complaint designated as "68", defendant repeats, reiterates and re-alleges each and every admission, denial, and denial of truth of each and every allegation contained in those paragraphs designated as "1" through "67", with the same force and effect as if set forth fully herein.

17.     Denies each and every allegation contained in the paragraphs designated as "69", "70", "71", and "72".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18.     That pursuant to CPLR §1600 et seq., if it is determined by verdict or decision that two or more tortfeasors are jointly liable to the plaintiff, and if the liability of the answering defendant, **PETER PAPPAS, M.D.**, is found to be 50% or less of the total liability assigned to all persons liable, the liability of the answering defendant to the plaintiff for non-economic loss shall not exceed this defendant's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19.     Upon information and belief, whatever damages the plaintiff may have sustained at the time(s) and place(s) mentioned in the Verified Complaint were caused in whole or in part by the culpable conduct of plaintiff.  As a result, the amount of damages recovered, if any, shall therefore be diminished in the proportion to which said culpable conduct is attributable.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20.     In the event said plaintiff recovers a verdict or judgment against the answering defendant, **PETER PAPPAS, M.D.**, said verdict or judgment should be reduced pursuant to CPLR § 4545 by those amounts which have been or will, with reasonable certainty, replace or indemnify plaintiff in whole or in part for any past or future claim to economic loss or collateral source.

4

3799288

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

21.     The negligence of those responsible for the accident or the occurrence alleged in the Verified Complaint constituted a separate, independent, superseding, intervening act, which constitutes the sole proximate cause of the accident or occurrence alleged.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

22.     Upon information and belief, the injuries and damages alleged were caused by the culpable conduct of some third person or persons over whom the answering defendant, **PETER PAPPAS, M.D.**, neither had nor exercised control.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

23.     That if the plaintiff was caused to sustain damages at the time and place set forth in plaintiff's Complaint through any carelessness, recklessness and negligence other than plaintiff's own, said damages arose in whole or in part from the negligence of co-defendant(s) or others, and if any judgment is recovered herein by the plaintiff against the answering defendant, **PETER PAPPAS, M.D.**,  than the answering defendant will be entitled to contribution on the basis of proportionate responsibility attributable to the co-defendant(s) named above.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

24.     Pursuant to Section 15-108 of the General Obligations Law, any recovery by the Plaintiff must be reduced by such amounts and/or such percentages of negligence as may result from settlements or trial with any tortfeasor or others.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

25.     The Verified Complaint fails to state a cause or causes of action upon which relief can be granted against the Answering Defendant.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

26.     Plaintiff's claims are barred, or subject to reduction, as a result of the Plaintiff's failure to mitigate its damages.

5

3799288

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

27.     Plaintiffs' claim for lack of informed consent is barred by reason of the applicable provisions of Section 2805(d) of the Public Health Law.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

28.     Upon information and belief, whatever damages, if any, suffered by the Plaintiff have been set-off by a prior recovery.

WHEREFORE, Defendant, **PETER PAPPAS, M.D.**, demands judgment dismissing the Verified Complaint of the Plaintiff, together with the costs and disbursements of this action.

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of this paper or the contentions herein are not frivolous, as that term is defined in Part 130 of the Court Rules.

Dated: Valhalla, New York
      January 9, 2017

Yours, etc.

KAUFMAN BORGEEST & RYAN LLP

By:  Steven D. Weiner, Esq.
Attorneys for Defendant
**PETER PAPPAS, M.D.**
200 Summit Lake Drive
Valhalla, New York 10595
(914) 449-1000
KBR File No.: 766.116

TO:    MERSON LAW PLLC
       Attorneys for Plaintiff
       150 East 58th Street 34th Fl.
       New York, NY 10155
       212-603-9100

6

3799288

Devendra Patel, M.D.
10 Union Square East, Suite 2B
New York , NY 10003

Mount Sinai Health Network
c/o Mount Sinai Health System
One Gustave L. Levy Place, Box 1009
New York, NY 10029

Mount Sinai Beth Israel Medical Center
10 Nathan D. Perlman Place
New York, NY 10003

Thomas Bernik, M.D.
317 East 17th Street, 12th Floor
New York, NY 10003

Lauren Barlog, M.D.
185 South Orange Avenue, #F538
Newark, NJ 07103

Donnie Beaubrun, M.D.
279 East 3rd Street
New York, NY 10009

7

3799288

**VERIFICATION**

STATE OF NEW YORK                    )

COUNTY OF WESTCHESTER        )


      **STEVEN D. WEINER**, being duly sworn, states that I am a member of the firm of **KAUFMAN BORGEEST & RYAN LLP**, attorneys for Defendant, **PETER PAPPAS, M.D.**, in this action and that the foregoing **VERIFIED ANSWER** is true to my knowledge, except as to those matters therein stated upon information and belief, and as to those matters I believe them to be true; that the grounds of my belief as to all matters not stated upon my knowledge are correspondence and other writings furnished by the Defendant and other documents maintained in the office of its attorneys; and that the reason why this verification is not made by Defendant is that the Defendant is located in a county other than the county where its attorneys have their office.

Dated:    Valhalla, New York
           January 9, 2017

                                         **STEVEN D. WEINER**

8

3799288

# Exhibit C

Case 1:17-cv-07126-NG-JO   Document 1   Filed 12/07/17   Page 45 of 87 PageID #: 45

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------x

NATOSHA DUNSTON,

                                        **VERIFIED ANSWER**

                    Plaintiff,

                                        Index No. 520070/2016

        - against -


DEVENDRA PATEL, M.D., MOUNT SINAI
HEALTH NETWORK, LLC, MOUNT SINAI
BETH ISRAEL MEDICAL CENTER, BETH
ISRAEL MEDICAL CENTER, THOMAS
BERNIK, M.D., LAUREN BARLOG, M.D.,
DONNIE BEAUBRUN, M.D., THE BROOKLYN
HOSPITAL CENTER, and PETER PAPPAS, M.D.,


                    Defendants.
------------------------------------------------x


    Defendants,   BETH ISRAEL MEDICAL CENTER and BETH ISRAEL MEDICAL

CENTER s/h/a "MOUNT SINAI BETH ISRAEL MEDICAL CENTER," by its attorneys,

AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP, as and for its Answer to

plaintiff's Complaint, respectfully shows to this Court and alleges upon information and belief:

### AS AND FOR THE FIRST CAUSE OF ACTION

    1.   Denies the allegations contained in paragraph(s) "2" in the form alleged except admits

one NATOSHA DUNSTON was treated by defendant DEVENDRA PATEL, M.D. and

respectfully refers to the hospital records for the specifics of the patient's treatment thereat.

    2.   Denies the allegations contained in paragraph(s) "9" in the form alleged except admits

one NATOSHA DUNSTON was treated by defendant BETH ISRAEL MEDICAL CENTER and

respectfully refers to the hospital records for the specifics of the patient's treatment thereat.

{01923452.DOCX }

3. Denies the allegations contained in paragraph(s) "13" in the form alleged except admits one NATOSHA DUNSTON was treated at defendant BETH ISRAEL MEDICAL CENTER and respectfully refers to the hospital records for the specifics of the patient's treatment thereat.

4. Denies the allegations contained in paragraph(s) "3", "35" and "36" and respectfully refers all questions of law to this Honorable Court.

5. Denies the allegations contained in paragraph(s) "4", "5", " 6", "7", '8", "10", "12", "14", "15", "23", "24", "25", "26" and "27" in the form alleged and respectfully refers all questions of law to this Honorable Court.

6. Denies the allegations contained in paragraph(s) "11" in the form alleged except admits defendant BETH ISRAEL MEDICAL CENTER is located at 10 Nathan D. Perlman Place, New York, New York 10003 and respectfully refers all questions of law to this Honorable Court.

7. Denies the knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph(s) "16", "17", "18", "19", "20", "21", "22", "26", "27", "28", "29", "30", "31", "32", "33" and "34".

8. Denies the allegations contained in paragraph(s) "37", "38", "39", "40, "41" and "42".

## AS AND FOR THE SECOND CAUSE OF ACTION

9. In response to paragraph "43", repeats each admission or denial contained in paragraphs "1" through "42" herein as though fully set forth hereat.

10. Denies the allegations contained in paragraph(s) "44", "45", "46", "47", "48" and "49".

## AS AND FOR THE THIRD CAUSE OF ACTION

11. In response to paragraph "50", repeats each admission or denial contained in paragraphs "1" through "49" herein as though fully set forth hereat.

{01923452.DOCX }

2

12. Denies the allegations contained in paragraph(s) "51" and "52" in the form alleged and respectfully refers all questions of law to this Honorable Court.

13. Denies the allegations contained in paragraph(s) "53", "54" and "55" in the form alleged and respectfully refers all questions of law to this Honorable Court.

### AS AND FOR THE FOURTH CAUSE OF ACTION

14. In response to paragraph "56", repeats each admission or denial contained in paragraphs "1" through "55" herein as though fully set forth hereat.

15. Denies the allegations contained in paragraph(s) "57", "58", "59", "60" and "61".

### AS AND FOR THE FIFTH CAUSE OF ACTION

16. In response to paragraph "62", repeats each admission or denial contained in paragraphs "1" through "61" herein as though fully set forth hereat.

17. Denies the allegations contained in paragraph(s) "63", "64", "65", "66" and "67".

### AS AND FOR THE SIXTH CAUSE OF ACTION

18. In response to paragraph "68", repeats each admission or denial contained in paragraphs "1" through "67" herein as though fully set forth hereat.

19. Denies the knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph(s) "69", "70" and "71".

20. Denies the allegations contained in paragraph(s) "72" and "73".

### AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

21. The answering defendant(s) assert those applicable defenses for which provision is made at Public Health Law §2805-d.

### AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

22. The liability of the answering defendant(s), if any, is limited pursuant to CPLR Article 16.

{01923452.DOCX }                                    3

## AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

23. That the injuries claimed by plaintiff in the complaint were cause in whole or in part, by the culpable conduct of the plaintiff which either bars the claims completely or else diminishes the damages by the proportion that such culpable conduct of the plaintiff bears to the total culpable conduct causing the injuries.

## AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

24. That the plaintiff has been or will be compensated in whole or in part for the damages claimed in the complaint by a collateral source of payment as set forth in CPLR §4545.

WHEREFORE, defendants, BETH ISRAEL MEDICAL CENTER and BETH ISRAEL MEDICAL CENTER s/h/a "MOUNT SINAI BETH ISRAEL MEDICAL CENTER," demands judgment dismissing the Complaint, together with the costs and disbursements of the within action.

Dated:     New York, New York
           January 13, 2017

                                        Yours, etc.,

                                        BY: ANDREW I. KAPLAN
                                        AARONSON RAPPAPORT FEINSTEIN
                                        & DEUTSCH, LLP
                                        Attorneys for Defendants
                                        BETH ISRAEL MEDICAL CENTER and
                                        BETH ISRAEL MEDICAL CENTER s/h/a
                                        "MOUNT SINAI BETH ISRAEL
                                        MEDICAL CENTER"
                                        Office & P.O. Address
                                        600 Third Avenue
                                        New York, New York 10016
                                        Tel.: (212) 593-6700
                                        **DUNSTON 18-665**

{01923452.DOCX }                        4

Case 1:17-cv-07128-MKB-JO Document 21 Filed 12/27/17 Page 49 of 87 PageID #: 520

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------x

NATOSHA DUNSTON,

                    Plaintiff,               **VERIFIED ANSWER**

     - against -                  Index No. 520070/2016

DEVENDRA PATEL, M.D., MOUNT SINAI
HEALTH NETWORK, LLC, MOUNT SINAI
BETH ISRAEL MEDICAL CENTER, BETH
ISRAEL MEDICAL CENTER, THOMAS
BERNIK, M.D., LAUREN BARLOG, M.D.,
DONNIE BEAUBRUN, M.D., THE BROOKLYN
HOSPITAL CENTER, and PETER PAPPAS, M.D.,

                    Defendants.

------------------------------------------------x

       Defendant, DEVENDRA PATEL, M.D., by his attorneys, AARONSON RAPPAPORT

FEINSTEIN & DEUTSCH, LLP, as and for his Answer to plaintiff's Complaint, respectfully

shows to this Court and alleges upon information and belief:

### AS AND FOR THE FIRST CAUSE OF ACTION

     1. Denies the allegations contained in paragraph(s) "2" in the form alleged except admits

one NATOSHA DUNSTON was treated by defendant DEVENDRA PATEL, M.D. and

respectfully refers to the hospital records for the specifics of the patient's treatment threat.

     2. Denies the allegations contained in paragraph(s) "9" in the form alleged except admits

one NATOSHA DUNSTON was treated at defendant BETH ISRAEL MEDICAL CENTER and

respectfully refers to the hospital records for the specifics of the patient's treatment threat.

     3. Denies the allegations contained in paragraph(s) "13" in the form alleged except

admits one NATOSHA DUNSTON was treated at defendant BETH ISRAEL MEDICAL

{01923451.DOCX }

CENTER and respectfully refers to the hospital records for the specifics of the patient's treatment threat.

4. Denies the allegations contained in paragraph(s) "3", "35" and "36" and respectfully refers all questions of law to this Honorable Court.

5. Denies the allegations contained in paragraph(s) "4", "5", " 6", "7", '8", "10", "12", "14", "15", "23", "24", "25", "26" and "27" in the form alleged and respectfully refers all questions of law to this Honorable Court.

6. Denies the allegations contained in paragraph(s) "11" in the form alleged except admits defendant BETH ISRAEL MEDICAL CENTER is located at 10 Nathan D. Perlman Place, New York, New York 10003 and respectfully refers all questions of law to this Honorable Court.

7. Denies the knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph(s) "16", "17", "18", "19", "20", "21", "22", "26", "27", "28", "29", "30", "31", "32", "33" and "34".

8. Denies the allegations contained in paragraph(s) "37", "38", "39", "40, "41" and "42".

### AS AND FOR THE SECOND CAUSE OF ACTION

9. In response to paragraph "43", repeats each admission or denial contained in paragraphs "1" through "42" herein as though fully set forth hereat.

10. Denies the allegations contained in paragraph(s) "44", "45", "46", "47", "48" and "49".

### AS AND FOR THE THIRD CAUSE OF ACTION

11. In response to paragraph "50", repeats each admission or denial contained in paragraphs "1" through "49" herein as though fully set forth hereat.

{01923451.DOCX }

2

12. Denies the allegations contained in paragraph(s) "51" and "52" in the form alleged and respectfully refers all questions of law to this Honorable Court.

13. Denies the allegations contained in paragraph(s) "53", "54" and "55" in the form alleged and respectfully refers all questions of law to this Honorable Court.

## AS AND FOR THE FOURTH CAUSE OF ACTION

14. In response to paragraph "56", repeats each admission or denial contained in paragraphs "1" through "55" herein as though fully set forth hereat.

15. Denies the allegations contained in paragraph(s) "57", "58", "59", "60" and "61".

## AS AND FOR THE FIFTH CAUSE OF ACTION

16. In response to paragraph "62", repeats each admission or denial contained in paragraphs "1" through "61" herein as though fully set forth hereat.

17. Denies the allegations contained in paragraph(s) "63", "64", "65", "66" and "67".

## AS AND FOR THE SIXTH CAUSE OF ACTION

18. In response to paragraph "68", repeats each admission or denial contained in paragraphs "1" through "67" herein as though fully set forth hereat.

19. Denies the knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph(s) "69", "70" and "71".

20. Denies the allegations contained in paragraph(s) "72" and "73".

## AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

21. The answering defendant(s) assert those applicable defenses for which provision is made at Public Health Law §2805-d.

## AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

22. The liability of the answering defendant(s), if any, is limited pursuant to CPLR Article 16.

## AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

23. That the injuries claimed by plaintiff in the complaint were cause in whole or in part, by the culpable conduct of the plaintiff which either bars the claims completely or else diminishes the damages by the proportion that such culpable conduct of the plaintiff bears to the total culpable conduct causing the injuries.

## AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

24. That the plaintiff has been or will be compensated in whole or in part for the damages claimed in the complaint by a collateral source of payment as set forth in CPLR §4545.

WHEREFORE, defendant, DEVENDRA PATEL, M.D., demands judgment dismissing the Complaint, together with the costs and disbursements of the within action.

Dated:    New York, New York
          January 13, 2017

                                   Yours, etc.

                                   BY: ANDREW I. KAPLAN
                                   AARONSON RAPPAPORT FEINSTEIN
                                   & DEUTSCH, LLP
                                   Attorneys for Defendant
                                   DEVENDRA PATEL, M.D.
                                   Office & P.O. Address
                                   600 Third Avenue
                                   New York, New York 10016
                                   Tel.: (212) 593-6700
                                   **DUNSTON 18-665**

{01923451.DOCX }                    4

# Exhibit D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

————————————————————————x

NATOSHA DUNSTON,

Plaintiff,

**VERIFIED ANSWER**

- against -

Index No. 520070/2016

DEVENDRA PATEL, M.D., MOUNT SINAI
HEALTH NETWORK, LLC, MOUNT SINAI
BETH ISRAEL MEDICAL CENTER, BETH
ISRAEL MEDICAL CENTER, THOMAS
BERNIK, M.D., LAUREN BARLOG, M.D.,
DONNIE BEAUBRUN, M.D., THE BROOKLYN
HOSPITAL CENTER, and PETER PAPPAS, M.D.,

Defendants.

————————————————————————x

Defendant, THOMAS BERNIK, M.D., by his attorneys, AARONSON RAPPAPORT

FEINSTEIN & DEUTSCH, LLP, as and for his Answer to plaintiff's Complaint, respectfully

shows to this Court and alleges upon information and belief:

### AS AND FOR THE FIRST CAUSE OF ACTION

1.   Denies the knowledge or information sufficient to form a belief as to the truth of

allegations contained in paragraph(s) "1", "2", "3", "4", "5", "6", "7", "8", "9", "15", "18", "19",

"20", "21", "28", "29", "30", "31", "32", "33", "34" and "38".

2.   Denies knowledge or information sufficient to form a belief as to the truth of

allegations contained in paragraph(s) "10", "11", "12" and "14" and refers questions of law to the

Court.

3.   Denies the knowledge or information to form a belief as to the truth of allegations

contained in paragraph(s) "13" and respectfully refers to the hospital records for the specifics of

the patient's treatment thereat

{01937587.DOCX }

4. Denies the allegations contained in paragraph(s) "17" in the form alleged, respectfully refers to the hospital records for the specifics of the patient's treatment thereat and respectfully refers all questions of law to this Honorable Court.

5. Denies the allegations contained in paragraph(s) "22", "23", "24", "25", "26", "27", "35" and "36" in the form alleged and respectfully refers all questions of law to this Honorable Court.

6. Denies the allegations contained in paragraph(s) "37", "39", "40", "41" and "42".

### AS AND FOR THE SECOND CAUSE OF ACTION

7. In response to paragraph "43", repeats each admission or denial contained in paragraphs "1" through "42" herein as though fully set forth hereat.

8. Denies the allegations contained in paragraph(s) "43", "44", "45", '46", "47", "48" and "49".

### AS AND FOR THE THIRD CAUSE OF ACTION

9. In response to paragraph "50", repeats each admission or denial contained in paragraphs "1" through "49" herein as though fully set forth hereat.

10. Denies the allegations contained in paragraph(s) "51", "52" and "53" in the form alleged and respectfully refers all questions of law to this Honorable Court.

11. Denies the allegations contained in paragraph(s) "54" and "55".

### AS AND FOR THE FOURTH CAUSE OF ACTION

12. In response to paragraph "56", repeats each admission or denial contained in paragraphs "1" through "55" herein as though fully set forth hereat.

{01937587.DOCX }

2

13. Denies the allegations contained in paragraph(s) "57", "58" and "59" in the form alleged and respectfully refers all questions of law to this Honorable Court.

14. Denies the allegations contained in paragraph(s) "60" and "61".

## AS AND FOR THE FIFTH CAUSE OF ACTION

15. In response to paragraph "62", repeats each admission or denial contained in paragraphs "1" through "61" herein as though fully set forth hereat.

16. Denies the allegations contained in paragraph(s) "63", "64" and "65" in the form alleged and respectfully refers all questions of law to this Honorable Court.

17. Denies the allegations contained in paragraph(s) "66" and "67".

## AS AND FOR THE SIXTH CAUSE OF ACTION

18. In response to paragraph "68", repeats each admission or denial contained in paragraphs "1" through "67" herein as though fully set forth hereat.

19. Denies the knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph(s) "69", "70" and "71".

20. Denies the allegations contained in paragraph(s) "72" and "73".

## AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

21. This Court lacks in personam jurisdiction over the answering defendant(s).

## AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

22. The answering defendant(s) assert those applicable defenses for which provision is made at Public Health Law §2805-d.

{01937587.DOCX }                        3

## AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

23. The liability of the answering defendant(s), if any, is limited pursuant to CPLR Article 16.

## AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

24. That the injuries claimed by plaintiff in the complaint were cause in whole or in part, by the culpable conduct of the plaintiff which either bars the claims completely or else diminishes the damages by the proportion that such culpable conduct of the plaintiff bears to the total culpable conduct causing the injuries.

## AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE

25. That the plaintiff has been or will be compensated in whole or in part for the damages claimed in the complaint by a collateral source of payment as set forth in CPLR §4545.

WHEREFORE, defendant, THOMAS BERNIK, M.D., demands judgment dismissing the Complaint, together with the costs and disbursements of the within action.

Dated:    New York, New York
          February 14, 2017

                                        Yours, etc.

                                        BY: Andrew I. Kaplan
                                        AARONSON RAPPAPORT FEINSTEIN
                                        & DEUTSCH, LLP
                                        Attorneys for Defendant
                                        THOMAS BERNIK, M.D.
                                        Office & P.O. Address
                                        600 Third Avenue
                                        New York, New York 10016
                                        Tel.: (212) 593-6700
                                        **DUNSTON 18-665**

{01937587.DOCX }                        4

DUNSTON 18-665

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK          )
                                            ) ss:
 COUNTY OF NEW YORK     )

      ANDREW I. KAPLAN, being duly sworn, deposes and says:

      That I am a member in the firm of attorneys representing the defendant THOMAS BERNIK, M.D.

      That I have read the attached **ANSWER** and the same is true to my own belief, except as to matters alleged on information and belief, and as to those matters, I believe them to be true to the best of my knowledge.

      My sources of information are a claims file containing statements, reports and records of investigation, investigators, parties and witnesses, with which I am fully familiar.

      That this verification is made by me because my clients do not reside within the county where I maintain my office.

                                ANDREW I. KAPLAN

Sworn to before me this
16th day of February, 2017.

Notary Public

GLORIA E. WILLIAMS
Notary Public, State of New York
No. 01WI5031377
Qualified in Queens County
Commission Expires Aug. 1, 2018

{01937602.DOC }

5 of 5

# Exhibit E

OB-1166
JBK;ljh

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------X
NATOSHA DUNSTON,                                    Index No. 520070/2016

                    Plaintiff,

                                                    **VERIFIED ANSWER**

          -against-

DEVENDRA PATEL, M.D., MOUNT SINAI
HEALTH NETWORK, LLC, MOUNT SINAI
BETH ISRAEL MEDICAL CENTER, BETH
ISRAEL MEDICAL CENTER, THOMAS BERNIK,
M.D., LAUREN BARLOG, M.D., DONNIE
BEAUBRUN, M.D., THE BROOKLYN HOSPITAL
CENTER and PETER PAPPAS, M.D.


                    Defendants.
----------------------------------------X

          Defendant, DONNIE BEAUBRUN, M.D., by attorneys, FUMUSO,

KELLY, SWART, FARRELL, POLIN & CHRISTESEN, LLP as and for his

Verified Answer to the Verified Complaint of the plaintiff

herein, respectfully alleges upon information and belief as

follows:

          <u>**ANSWERING THE FIRST CAUSE OF ACTION:**</u>

          FIRST:  Denies knowledge or information sufficient to

form a belief as to each and every allegation contained in

paragraphs numbered and designated "1", "2", "3", "4", "5", "6",

"7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "17",

"18" and "19" of the plaintiff's Verified Complaint and

respectfully submits all questions of fact and law to this

Honorable Court.

SECOND: Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "20" of the plaintiff's Verified Complaint, except admits DONNIE BEAUBRUN, M.D. was and is a physician duly licensed under the laws of the State of New York and respectfully submits all questions of fact and law to this Honorable Court.

THIRD: Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "22", "23", "24" and "25" of the plaintiff's Verified Complaint and respectfully submits all questions of fact and law to this Honorable Court.

FOURTH: Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "26", "27", "28", "29", "30", "32", "32" "33", "34", "35" and "36" of the plaintiff's Verified Complaint and respectfully submits all questions of fact and law to this Honorable Court.

FIFTH: Denies each and every allegation contained in paragraphs numbered and designated "37", "38", "39", "40", "41" and "42" of the plaintiff's Verified Complaint.

**ANSWERING THE SECOND CAUSE OF ACTION:**

SIXTH: With respect to paragraph "43" of the plaintiff's Verified Complaint, the defendant repeats and realleges paragraphs numbered and designated "FIRST" through

"FIFTH," inclusive of this Answer.

SEVENTH:  Denies each and every allegation contained in paragraphs numbered and designated "44", "45", "46", "47" "48" and "49" of the plaintiff's Verified Complaint.

**ANSWERING THE THIRD CAUSE OF ACTION:**

EIGHTH:  With respect to paragraph "50" of the plaintiff's Verified Complaint, the defendant repeats and realleges paragraphs numbered and designated "FIRST" through "SEVENTH," inclusive of this Answer.

NINTH:  Denies each and every allegation contained in paragraphs numbered and designated "51", "52", "53", "54" and "55" of the plaintiff's Verified Complaint.

**ANSWERING THE FOURTH CAUSE OF ACTION**

TENTH:  With respect to paragraph "56" of the plaintiff's Verified Complaint, the defendant repeats and realleges paragraphs numbered and designated "FIRST" through "NINTH," inclusive of this Answer.

ELEVENTH:  Denies each and every allegation contained in paragraphs numbered and designated "57", "58", "59", "60" and "61" of the plaintiff's Verified Complaint.

**ANSWERING THE FIFTH CAUSE OF ACTION:**

TWELFTH:  With respect to paragraph "62" of the plaintiff's Verified Complaint, the defendant repeats and realleges paragraphs numbered and designated "FIRST" through "ELEVENTH," inclusive of this Answer.

THIRTEENTH:  Denies each and every allegation contained in paragraphs numbered and designated "63", "64", "65", "66" and "67" of the plaintiff's Verified Complaint.

**ANSWERING THE SIXTH CAUSE OF ACTION:**

FOURTEENTH:  With respect to paragraph "68" of the plaintiff's Verified Complaint, the defendant repeats and realleges paragraphs numbered and designated "FIRST" through "THIRTEENTH," inclusive of this Answer.

FIFTEENTH:  Denies each and every allegation contained in paragraphs numbered and designated "69", "70", "71", "72" and "73" of the plaintiff's Verified Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

SIXTEENTH: DONNIE BEAUBRUN, M.D. is an employee of the William F. Ryan Community Health Center and the care rendered in this case was as a result of that relationship.  William F. Ryan Community Health Care Center is a Health Center afforded protection as a Federally deemed Health Center under the Federally Deemed Health Centers Assistance Act and it can only be sued under the Federal Torts Claims Act in the appropriate Federal Court.  DONNIE BEAUBRUN, M.D. as an employee who fulfills the requirements of the Act's individual protection provision and whose care was rendered based on his relationship withe the facility is also afforded protection under the law and thus can only be sued in Federal Court under the Federal Torts Claims Act and this court lacks jurisdiction over this matter.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

SEVENTEENTH:  That the within action and/or the cause of action against defendant is barred as not having been brought within the time prescribed by statute or rule of law.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

EIGHTEENTH:  That in the event of any judgment or verdict on behalf of the plaintiff, this answering defendant is entitled to a setoff with respect to the amount of any payments made to the plaintiff prior thereto.

### AS AND FOR A FOURTH  AFFIRMATIVE DEFENSE:

NINETEENTH:  That the injuries of the plaintiff was caused in whole or in part by his own contributory negligence and/or culpable conduct and/or by persons and/or events over which this defendant had no control and his claims are therefore barred or the amount of same is diminished accordingly.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

TWENTIETH:  Upon information and belief, plaintiff has received remuneration and/or compensation for some or all of his claimed economic loss and answering defendant is entitled to have any verdict or judgment reduced by the amount of that remuneration or compensation pursuant to CPLR 4545.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

TWENTY-FIRST:  That if any liability is found as against this answering defendant, then said liability will constitute 50% or less of the total liability assigned to all

persons liable and, as such, the liability of this answering defendant to plaintiff for non-economic loss shall be limited and shall not exceed this answering defendant's equitable share, as provided in Article 16 of the CPLR.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

TWENTY-SECOND:  That the defendant shall be entitled to a set off pursuant to the General Obligations Law §15-108 for reduction in the claim of the Releasor against them to the extent of any amount stipulated by a prior release or covenant, or the amount of consideration paid for it, or the amount of the released tortfeasor's equitable share of the damages under Article 14 of the CPLR, whichever is the greatest.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

TWENTY-THIRD:  That the plaintiff's Complaint and/or the cause of action fails to state a cause of action against the answering defendant.

WHEREFORE, defendant demands judgment dismissing the plaintiff's Verified Complaint herein, together with the costs and disbursements of this action.

Dated:     Hauppauge, New York
           March 17, 2017

                              Respectfully submitted,

                              FUMUSO, KELLY, SWART, FARRELL,
                              POLIN & CHRISTESEN, LLP
                              Attorneys for Defendant
                              DONNIE BEAUBRUN, M.D.
                              110 Marcus Boulevard
                              Hauppauge, New York 11788-3704
                              (631) 232-0200

MERSON LAW, PLLC
Attorney for Plaintiff
150 East 58th Street, 34th Floor
New York, New York 10155
(212) 603-9100

OB-1166
JBK;ljh

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------X
NATOSHA DUNSTON,                            Index No. 520070/2016

            Plaintiff,

                             **CERTIFICATION**

     -against-

DEVENDRA PATEL, M.D., MOUNT SINAI
HEALTH NETWORK, LLC, MOUNT SINAI
BETH ISRAEL MEDICAL CENTER, BETH
ISRAEL MEDICAL CENTER, THOMAS BERNIK,
M.D., LAUREN BARLOG,M.D., DONNIE
BEAUBRUN, M.D., THE BROOKLYN HOSPITAL
CENTER and PETER PAPPAS, M.D.

             Defendants.

----------------------------------------X

        JORDAN B. KARP, ESQ., an attorney admitted to practice

in the Courts of New York State, certifies that the within has

been compared by me with the original and found to be a true and

complete copy.

        I affirm that the foregoing statements are true, under

the penalties of perjury.

Dated:    Hauppauge, New York
        March 17, 2017

                                      _____
                                    JORDAN B. KARP, ESQ.

OB-1166
JBK;ljh
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------X
NATOSHA DUNSTON,                                Index No. 520070/2016

                    Plaintiff,

                                                **VERIFICATION**

          -against-

DEVENDRA PATEL, M.D., MOUNT SINAI
HEALTH NETWORK, LLC, MOUNT SINAI
BETH ISRAEL MEDICAL CENTER, BETH
ISRAEL MEDICAL CENTER, THOMAS BERNIK,
M.D., LAUREN BARLOG,M.D., DONNIE
BEAUBRUN, M.D., THE BROOKLYN HOSPITAL
CENTER and PETER PAPPAS, M.D.


                    Defendants.
----------------------------------------X
STATE OF NEW YORK )
COUNTY OF SUFFOLK ) ss.:


          JORDAN B. KARP, ESQ., the undersigned, an attorney

admitted to practice in the Courts of New York State, state that I

am the attorney of record for the defendant, DONNIE BEAUBRUN, M.D.,

in the within action; I have read the foregoing Verified Answer and

Demands and know the contents thereof; the same is true to my own

knowledge, except as to matters therein stated to be alleged upon

information and belief and, as to those matters, I believe them to

be true.  The reason this verification is made by me and not by the

defendant is because defendant does not reside within the county

that our office is located.

Dated: Hauppauge, New York
       March 17, 2017


                              JORDAN B. KARP, ESQ,

# Exhibit F

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
————————————————————————x

NATOSHA DUNSTON,

                                              **VERIFIED ANSWER**

                                              Index No. 520070/2016

                        Plaintiff,

        - against -

DEVENDRA PATEL, M.D., MOUNT SINAI
HEALTH NETWORK, LLC, MOUNT SINAI
BETH ISRAEL MEDICAL CENTER, BETH
ISRAEL MEDICAL CENTER, THOMAS
BERNIK, M.D., LAUREN BARLOG, M.D.,
DONNIE BEAUBRUN, M.D., THE BROOKLYN
HOSPITAL CENTER, and PETER PAPPAS, M.D.,

                        Defendants.

————————————————————————x

        Defendant, LAUREN BARLOG, M.D., by her attorneys, AARONSON RAPPAPORT

FEINSTEIN & DEUTSCH, LLP, as and for her Answer to plaintiff's Complaint, respectfully

shows to this Court and alleges upon information and belief:

                    **AS AND FOR THE FIRST CAUSE OF ACTION**

        1. Denies the knowledge or information sufficient to form a belief as to the truth of

allegations contained in paragraph(s) "1", "2", "3", "4", "5", "6", "7", "8", "9", "10", "11", "12",

"13", "14", "15","16"," 17", "20", "21", "28", "29", "30", "32", "33" and "34".

{01964227.DOCX }

2.  Denies the allegations contained in paragraph(s) "19" in the form alleged except admits defendant LAUREN BARLOG, M.D. treated one NATOSHA DUNSTON and respectfully refers to the hospital records for the specifics of the patient's treatment thereat.

3.  Denies the allegations contained in paragraph(s) "22", "23", "24", "25", "26", "27", "31", "35", and "36" in the form alleged and respectfully refers all questions of law to this Honorable Court.

4.  Denies the allegations contained in paragraph(s) "37", "38", "39", "40", "41" and "42".

## AS AND FOR THE SECOND CAUSE OF ACTION

5.  In response to paragraph "43", repeats each admission or denial contained in paragraphs "1" through "42" herein as though fully set forth hereat.

6.  Denies the allegations contained in paragraph(s) "44", "45", "46", "47", "48" and "49".

## AS AND FOR THE THIRD CAUSE OF ACTION

7.  In response to paragraph "50", repeats each admission or denial contained in paragraphs "1" through "49" herein as though fully set forth hereat.

8.  Denies the allegations contained in paragraph(s) "51", "52", '53", "54" and "55".

## AS AND FOR THE FOURTH CAUSE OF ACTION

9.  In response to paragraph "56", repeats each admission or denial contained in paragraphs "1" through "55" herein as though fully set forth hereat.

10. Denies the allegations contained in paragraph(s) "57", "58", "59", "60" and "61".

## AS AND FOR THE FIFTH CAUSE OF ACTION

11. In response to paragraph "62", repeats each admission or denial contained in paragraphs "1" through "61" herein as though fully set forth hereat.

{01964227.DOCX }                                2

NYSCEF DOC. NO. 23                                                                              RECEIVED NYSCEF: 04/07/2017

12. Denies the allegations contained in paragraph(s) "63", "64", "65", "66" and "67".

### AS AND FOR THE SIXTH CAUSE OF ACTION

13. In response to paragraph "68", repeats each admission or denial contained in paragraphs "1" through "67" herein as though fully set forth hereat.

14. Denies the knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph(s) "69", "70" and "71".

15. Denies the allegations contained in paragraph(s) "72" and "73".

### AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

16. The answering defendant(s) assert those applicable defenses for which provision is made at Public Health Law §2805-d.

### AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

17. The liability of the answering defendant(s), if any, is limited pursuant to CPLR Article 16.

### AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

18. That the injuries claimed by plaintiff in the complaint were cause in whole or in part, by the culpable conduct of the plaintiff which either bars the claims completely or else diminishes the damages by the proportion that such culpable conduct of the plaintiff bears to the total culpable conduct causing the injuries.

### AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

19. That the plaintiff has been or will be compensated in whole or in part for the damages claimed in the complaint by a collateral source of payment as set forth in CPLR §4545.

{01964227.DOCX }                                3

WHEREFORE, defendant, LAUREN BARLOG, M.D., demands judgment dismissing the Complaint, together with the costs and disbursements of the within action.

Dated:    New York, New York
          April 6, 2017

Yours, etc.,

BY: Andrew I. Kaplan
AARONSON RAPPAPORT FEINSTEIN
& DEUTSCH, LLP
Attorneys for Defendant
LAUREN BARLOG, M.D.
Office & P.O. Address
600 Third Avenue
New York, New York 10016
Tel.: (212) 593-6700
**DUNSTON 18-665**

{01964227.DOCX }

4

DUNSTON 18-665

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK      )
                               ) ss:
COUNTY OF NEW YORK    )

        Andrew I. Kaplan, being duly sworn, deposes and says:

        That I am a member in the firm of attorneys representing the defendant LAUREN BARLOG, M.D.

        That I have read the attached and the same is true to my own belief, except as to matters alleged on information and belief, and as to those matters, I believe them to be true to the best of my knowledge.

        My sources of information are claims filed containing statements, reports and records of investigation, investigators, parties and witnesses, with which I am fully familiar.

        That this verification is made by me because my client does not reside within the county where I maintain my office.

                                    ANDREW I. KAPLAN

Sworn to before me this
7th day of April, 2017.

Notary Public

VICTORIA M. MCFADYEN
Notary Public, State of New York
No. 01MC4759374
Qualified in Kings County
My Commission Expires Nov. 15, 20__

{01964228.DOCX }
                          5 of 5

# Exhibit G

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Natosha Dunston,                                )
                                                )
                                                )
                  Plaintiff,                    )
                                                )
            v.                                  )          Case No.
                                                )
Devendra Patel, M.D.,                           )
Mount Sinai Health Network, LLC,                )
Mount Sinai Beth Israel Medical Center,         )
Beth Israel Medical Center,                     )
Thomas Bernik, M.D.,                            )
Lauren Barlog, M.D.,                            )
Donnie Beaubrun, M.D.,                          )
The Brooklyn Hospital Center,                   )
and Peter Pappas, M.D.,                         )
                                                )
                                                )
                  Defendants.                   )
                                                )

DECLARATION OF
MEREDITH TORRES

1.  I am a Senior Attorney in the General Law Division, Office of the General Counsel,

Department of Health and Human Services (the "Department").  I am familiar with the official

records of administrative tort claims maintained by the Department as well as with the system by

which those records are maintained.

2.  The Department has a Claims Branch that maintains in a computerized database a

record of administrative tort claims filed with the Department, including those filed with respect

to federally supported health centers that have been deemed to be eligible for Federal Tort

Claims Act malpractice coverage.

3.  As a consequence, if a tort claim had been filed with the Department with respect to

William F. Ryan Community Health Center, Inc., its approved delivery sites, or its employees or

-2-

qualified contractors, a record of that filing would be maintained in the Claims Branch's
database.

4. I caused a search of the Claims Branch's database to be conducted and found no
record of an administrative tort claim filed by Natosha Dunston or an authorized representative
relating to William F. Ryan Community Health Center, Inc., and/or Donnie Beaubrun, M.D,

5. I have also reviewed official Agency records and determined that William F. Ryan
Community Health Center, Inc., was deemed eligible for Federal Tort Claims Act malpractice
coverage effective January 1, 2013, and that its coverage has continued without interruption since
that time. The Secretary of Health and Human Services' authority to deem entities as Public
Health Service employees under 42 U.S.C. § 233(g) has been delegated to the Associate
Administrator, Bureau of Primary Health Care, Health Resources and Services Administration.
Copies of the notifications by the Associate Administrator, Bureau of Primary Health Care,
Health Resources and Services Administration, Department of Health and Human Services, to
William F. Ryan Community Health Center, Inc., are attached to this declaration as Exhibit 1.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this _28th_ day of _September_ , 2017.

_Meredith Torres_
MEREDITH TORRES
Senior Attorney, Claims and Employment Law Branch
General Law Division
Office of the General Counsel
Department of Health and Human Services

Exhibit 1

| | |
|---|---|
| **1. ISSUE DATE:** 8/28/2012 | |
| **2a. FTCA DEEMING NOTICE NO.:**<br>1-F00000949-12-02 | |
| **2b. Supersedes:** [ ] | |
| **3. COVERAGE PERIOD:**<br>FROM: 1/1/2013 THROUGH: 12/31/2013 | DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES<br>HEALTH RESOURCES AND SERVICES<br>ADMINISTRATION |
| **4. NOTICE TYPE:** Renewal | |
| **5a. ENTITY NAME AND ADDRESS:**<br>William F. Ryan Community Health Center, Inc.<br>110 WEST 97TH STREET<br>NEW YORK, NY 10025-6450 | **HRSA**<br><br>NOTICE OF DEEMING ACTION<br><br>**FEDERAL TORT CLAIMS ACT AUTHORIZATION:**<br>Federally Supported Health Centers Assistance Act<br>(FSHCAA), as amended,<br>Sections 224(g)-(n) of the Public Health Service (PHS)<br>Act, 42 U.S.C. § 233(g)-(n) |
| **6. ENTITY TYPE:** Grantee | |
| **7. EXECUTIVE DIRECTOR:**<br>Barbra E Minch | |
| **8a. GRANTEE ORGANIZATION:**<br>William F. Ryan Community Health Center, Inc. | |
| **8b. GRANT NUMBER:** H80CS00061 | |

**9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:**

    a. The authorizing program legislation cited above.
    b. The program regulation cited above, and,
    c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

**10. Remarks:**

The check box [x] in the supersedes field indicates that this notice supersedes any and all active NDAs and rescinds any and all future NDAs issued prior to this notice.

*Electronically signed by Jim Macrae, Associate Administrator for Primary Health Care on:* 8/28/2012 8:24:53 AM

| | |
|---|---|
| **1. ISSUE DATE:** 7/3/2013 | |
| **2a. FTCA DEEMING NOTICE NO.:**<br>1-F00000949-13-01 | |
| **2b. Supersedes:** [ ] | DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES<br>HEALTH RESOURCES AND SERVICES<br>ADMINISTRATION |
| **3. COVERAGE PERIOD:**<br>FROM: 1/1/2014 THROUGH: 12/31/2014 | |
| **4. NOTICE TYPE:** Renewal |  |
| **5a. ENTITY NAME AND ADDRESS:**<br>William F. Ryan Community Health Center, Inc.<br>110 WEST 97TH STREET<br>NEW YORK, NY 10025-6460 | **NOTICE OF DEEMING ACTION**<br><br>**FEDERAL TORT CLAIMS ACT AUTHORIZATION:**<br>Federally Supported Health Centers Assistance Act<br>(FSHCAA), as amended,<br>Sections 224(g)-(n) of the Public Health Service (PHS)<br>Act, 42 U.S.C. § 233(g)-(n) |
| **6. ENTITY TYPE:** Grantee | |
| **7. EXECUTIVE DIRECTOR:**<br>Barbra E Minch | |
| **8a. GRANTEE ORGANIZATION:**<br>William F. Ryan Community Health Center, Inc. | |
| **8b. GRANT NUMBER:** H80CS00061 | |

**9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:**

   a. The authorizing program legislation cited above.
   b. The program regulation cited above, and,
   c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

**10. Remarks:**

The check box [x] in the supersedes field indicates that this notice supersedes any and all active NDAs and rescinds any and all future NDAs issued prior to this notice.

*Electronically signed by Jim Macrae, Associate Administrator for Primary Health Care on: 7/3/2013 4:54:54 PM*

| | |
|---|---|
| **1. ISSUE DATE:** 6/19/2014 | |
| **2a. FTCA DEEMING NOTICE NO.:** 1-F00000949-14-01 | |
| **2b. Supersedes: [ ]** | DEPARTMENT OF HEALTH AND HUMAN SERVICES HEALTH RESOURCES AND SERVICES ADMINISTRATION |
| **3. COVERAGE PERIOD:** FROM: 1/1/2015 THROUGH: 12/31/2015 | |
| **4. NOTICE TYPE:** Renewal | **HRSA** |
| **5a. ENTITY NAME AND ADDRESS:** William F. Ryan Community Health Center, Inc. 110 WEST 97TH STREET NEW YORK, NY 10025-6450 | **NOTICE OF DEEMING ACTION** **FEDERAL TORT CLAIMS ACT AUTHORIZATION:** Federally Supported Health Centers Assistance Act (FSHCAA), as amended, Sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. § 233(g)-(n) |
| **6. ENTITY TYPE:** Grantee | |
| **7. EXECUTIVE DIRECTOR:** Barbra E Minch | |
| **8a. GRANTEE ORGANIZATION:** William F. Ryan Community Health Center, Inc. | |
| **8b. GRANT NUMBER:** H80CS00061 | |

**9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:**

  a. The authorizing program legislation cited above.
  b. The program regulation cited above, and,
  c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

**10. Remarks:**

The check box [x] in the supersedes field indicates that this notice supersedes any and all active NDAs and rescinds any and all future NDAs issued prior to this notice.

*Electronically signed by Jim Macrae, Associate Administrator for Primary Health Care on: 6/19/2014 9:50:24 AM*

| | |
|---|---|
| **1. ISSUE DATE:** 6/15/2015 | |
| **2a. FTCA DEEMING NOTICE NO.:**<br>1-F00000949-15-01 | |
| **2b. Supersedes:** [ ] | |
| **3. COVERAGE PERIOD:**<br>**FROM: 1/1/2016 THROUGH: 12/31/2016** | DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES<br>HEALTH RESOURCES AND SERVICES<br>ADMINISTRATION |
| **4. NOTICE TYPE:** Renewal | |
| **5a. ENTITY NAME AND ADDRESS:**<br>William F. Ryan Community Health Center, Inc.<br>110 WEST 97TH STREET<br>NEW YORK, NY 10025-6450 | **HRSA**<br><br>**NOTICE OF DEEMING ACTION**<br><br>**FEDERAL TORT CLAIMS ACT<br>AUTHORIZATION:**<br>Federally Supported Health Centers Assistance<br>Act (FSHCAA), as amended,<br>Sections 224(g)-(n) of the Public Health Service<br>(PHS) Act, 42 U.S.C. § 233(g)-(n) |
| **6. ENTITY TYPE:** Grantee | |
| **7. EXECUTIVE DIRECTOR:**<br>Brian McIndoe | |
| **8a. GRANTEE ORGANIZATION:**<br>William F. Ryan Community Health Center, Inc. | |
| **8b. GRANT NUMBER:** H80CS00061 | |

**9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:**

   a. The authorizing program legislation cited above.
   b. The program regulation cited above, and,
   c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

**10. Remarks:**

The check box [x] in the supersedes field indicates that this notice supersedes any and all active NDAs and rescinds any and all future NDAs issued prior to this notice.

*Electronically signed by Tonya Bowers, Deputy Associate Administrator for Primary Health Care on: 6/15/2015 6:44:52 PM*

| FTCA DEEMING NOTICE NO.: 1-F00000949-15-01 | GRANT NUMBER: H80CS00061 |  |
| --- | --- | --- |

**William F. Ryan Community Health Center, Inc.**
**110 WEST 97TH STREET**
**NEW YORK, NY10025-6450**

Dear Brian McIndoe:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems William F. Ryan Community Health Center, Inc. to be an employee of the PHS, for the purposes of section 224, effective 1/1/2016 through 12/31/2016.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both William F. Ryan Community Health Center, Inc. and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant Award or the Bureau of Primary Health Care (BPHC) Help Line at 1-877-974-2742 or bphchelpline@hrsa.gov.

# Exhibit H

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NATOSHA DUNSTON,

              Plaintiff,

        v.

DEVENDRA PATEL, M.D., MOUNT SINAI
HEALTH NETWORK, LLC, MOUNT SINAI
BETH ISRAEL MEDICAL CENTER, BETH
ISRAEL MEDICAL CENTER, THOMAS
BERNIK, M.D., LAUREN BARLOG, M.D.,
DONNIE BEAUBRUN, M.D., THE
BROOKLYN HOSPITAL CENTER, and,
PETER PAPPAS, M.D.,

              Defendants.

Civil Action No. 17-CV-_____

(_____, J.)
(_____, M.J.)

## CERTIFICATION OF SCOPE OF EMPLOYMENT AND NOTICE OF SUBSTITUTION OF UNITED STATES AS PARTY DEFENDANT FOR DONNIE BEAUBRUN, M.D.

By virtue of the authority vested in this Office by the Attorney General pursuant to 28 C.F.R. § 15.4, it is hereby certified on the basis of the information now available with respect to the incident alleged in the Verified Complaint, that Defendant Donnie Beaubrun, M.D., was acting within the scope and course of his federal employment as an employee of William F. Ryan Community Health Center, Inc. (the "Health Center"), an approved delivery site under the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n) ("FSHCAA"), and grantee of the United States Department of Health and Human Services, at the time of the incident over which the above-referenced action arose. Accordingly, pursuant to 42 U.S.C. § 233(a), (c), (g), and 28 U.S.C. § 2679(d)(2), the United States of America is hereby substituted by operation of law as a party defendant for Defendant Dr. Beaubrun, and any and all claims asserted in the Verified Complaint against Defendant Dr. Beaubrun shall be, and hereby are, deemed to be claims

1

for relief against the United States of America.

Dated: Brooklyn, New York
       December 7, 2017

BRIDGET M. ROHDE
Acting United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

By:      _____
         DARA A. OLDS
         Assistant United States Attorney
         (718) 254-6148
         dara.olds@usdoj.gov

To:   Jordan K. Merson, Esq.
      MERSON LAW, PLLC
      150 East 58th Street, 34th Floor
      New York, New York 10155
      *Attorneys for Plaintiff*

      Steven D. Weiner, Esq.
      KAUFMAN, BORGEEST & RYAN LLP
      200 Summit Lake Drive
      Valhalla, New York 10595
      *Attorneys for Defendants*
      *The Brooklyn Hospital Center and Peter Pappas, M.D.*

      Andrew I. Kaplan, Esq.
      Sean G. Shirali, Esq.
      AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP
      600 Third Avenue
      New York, New York 10016
      *Attorneys for Defendants Devendra Patel, M.D., Thomas Bernik, M.D.,*
      *Lauren Barlog, M.D., Beth Israel Medical Center, and*
      *Beth Israel Medical Center s/h/a "Mount Sinai Beth Israel Medical Center"*

      Jordan B. Karp, Esq.
      FUMOSO, KELLY, SWART, FARRELL, POLIN & CHRISTESEN, LLP
      110 Marcus Boulevard
      Happauge, New York 11788
      *Attorneys for Defendant Donnie Beaubrun, M.D.*

2